Composite Exhibit "A"



# Case #2020CV04349

**Name**: SHARON ROYALL

**Date Filed** : 9/11/2020

**Case Status** : PENDING

**Litigant Type** : PLAINTIFF

**Court** : 003

**Docket Type** : DEBT/CONTRACT-OTHER

**Business Name** : 2020CV04349

**Style** : SHARON ROYALL

**Style (2)** : vs ASSET ACCEPTANCE LLC

# Case History

*Currently viewing all records*

| Sequence | Date Filed | Description |
|---|---|---|
| P00002 | 9/23/2020 | NO FEE DOCUMENTS<br>AFFIDAVIT OF SERVICE<br>ASSET ACCEPTANCE LLC |
| S00001 | 9/17/2020 | CITATION<br>ASSET ACCEPTANCE LLC<br>ISSUED: 9/17/2020 RECEIVED: 9/18/2020<br>EXECUTED: 9/18/2020 RETURNED: 9/23/2020 |
| P00001 | 9/11/2020 | PLAINTIFF ORIGINAL PETITION<br>CLASS ACTION PETITION FOR VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT AND TEXAS DEBT COLLECTION ACT AND DEMAND FOR JURY TRIAL |

E-FILED
Bexar County, County Clerk
Lucy Adame-Clark
Submission Date: 9/11/2020 2:22 PM
Accepted Date: 9/14/2020 8:45 AM
Accepted By: Valerie Tristan
/s/ Valerie Tristan
Deputy Clerk

**2020CV04349**

| | | |
|---|---|---|
| Sharon Royall, individually and on behalf of all others similarly situated, | § § § § | Cause No. |
| | § | In the County Court |
| *versus* | § § § § | At Law Number CC# 03 |
| Asset Acceptance, LLC. | § § § § | Bexar County, Texas |

---

**CLASS ACTION PETITION FOR VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT AND TEXAS DEBT COLLECTION ACT AND DEMAND FOR JURY TRIAL**

---

TO THE HONORABLE JUDGE OF SAID COURT:

Plaintiff, Sharon Royall, on behalf of herself and all others similarly situated, files this Original Petition against Defendant, Asset Acceptance, LLC, and in support thereof, would respectfully show this honorable Court and jury the following:

### I.   PRELIMINARY STATEMENT

1.   This action arises from the illegal practices engaged in by Defendant, in the course of attempting to collect consumer debts, which violate the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. §§ 1692-1692p, and the Texas Debt Collection Act ("TDCA"), Tex. Fin. Code § 392 *et seq.*

2.   Due to the state of disaster as declared by the Govenor, and per the Texas Supreme Court's emergency orders the statute of limitations on Plaintiff's claims are tolled until September 15, 2020.

3.   The FDCPA regulates the behavior of "debt collectors" (including collection agencies, collection attorneys, and debt buyers) when attempting to collect a consumer debt. Congress found "abundant evidence of the use of abusive, deceptive, and unfair debt collection

page 1 of 11

practices by many debt collectors" which "contribute to a number of personal bankruptcies, marital instability, loss of jobs, and invasions of individual privacy." 15 U.S.C. § 1692(a). The FDCPA was expressly adopted "to eliminate abusive debt collection practices by debt collectors, to ensure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote uniform State action to protect consumers against debt collection abuses." 15 U.S.C. § 1692(e).

4. The FDCPA focuses on the conduct of the debt collector and not on the merits of the alleged debt. Whether a debt is actually owed has no relevance to whether the debt collector complied with the FDCPA. Consequently, the individuals from who debt collectors seek payment are defined as "consumers." 15 U.S.C. § 1692a.

5. The FDCPA, at 15 U.S.C. § 1692c, limits when and with whom a debt collector may communicate when attempting to collect a debt and, unless expressly permitted under § 1692c, 15 U.S.C. § 1692b restricts a debt collector's communications with third parties to obtaining "location information" about the consumer.

6. When collecting or attempting to collect a debt, the FDCPA demands the debt collector treat people respectfully, honestly, and fairly by proscribing its use of: (a) harassing, oppresive, and abusive conduct; (b) false, deceptive, or misleading means or representations; and (c) unfair or unconscionable means. 15 U.S.C. §§ 1692d, 1692e, and 1692f. Each of those Sections contain a list of specific *per se* violations but they are nonexclusive and do not limit the general application of each Section's broad prohibitions.

7. When the collection process starts, the FDCPA requires a debt collector to provide a consumer with basic debt information and the consumer's right to debt-verification. 15 U.S.C. § 1692g(a).

8. When the collection process escalates to litigation, the FDCPA prohibits lawsuit from being commenced in a distant venue. 15 U.S.C. § 1692i.

9. A debt collector's conduct violates the FDCPA when viewed from the perspective of an "unsophisticated" or "least sophisticated" consumer. *Goswami v. Am. Collections Enter., Inc.*, 377 F.3d 488, 495 (5th Cir. 2004). Consistent with both standards, the Fifth Circuit assumes the debtor is "neither shrewd nor experienced in dealing with creditors." *Id.* The Fifth Circuit seeks to protect "all consumers, including the inexperienced, the untrained and the credulous, from deceptive debt collection practices." *Taylor v. Perrin, Landry deLaunay & Durand*, 103 F.3d 1232, 1236 (5th Cir. 1997).

9. The FDCPA is a strict liability statute, which provides for actual or statutory damages upon the showing of one violation. When a debt collector fails to comply with the FDCPA "with respect to any person," it "is liable to such person in an amount equal to the sum of" "any actual damage sustained," "additional" or statutory damages, costs, and reasonable attorneys' fees. 15 U.S.C. § 1692k(a). Statutory damages are limited: a plaintiff may recover no more than $1,000; a class may recover no more than $500,000 or 1% of the debt collector's net worth, whichever is less. *Id.*

10. The TDCA, like the FDCPA, prohibits debt collectors from using deceptive, coercive, threatening, abusive, and other repugnant practices for the purpose of collecting a consumer debt. Tex. Bus. & Com. Code Ann § 17.50; *Cushman v. GC Services, L.P.*, 397 Fed. Appx. 24 (5th Cir. 2010) (discussing the "tie-in" provision between the TDCA and deceptive practices Acts).

11. Plaintiff, on behalf of herself and all others similarly situated, seeks statutory damages, injunctive relief, attorney fees, costs, and all other relief, equitable or legal in nature, as deemed appropriate by this Court, pursuant to the FDCPA, TDCA, and all other common law or

statutory regimes.

## II. DISCOVERY CONTROL PLAN

10. Plaintiff intends for discovery to be conducted under Level 3 of Rule 190 of the Texas Rules of Civil Procedure. This case involves complex issues and will require extensive discovery. Therefore, Plaintiff will ask the Court to order that discovery be conducted in accordance with a discovery control plan tailored to the particular circumstances of this suit.

## III. PARTIES

12. Plaintiff, Sharon Royall, is a natural person.

13. At all times relevant to this complaint Plaintiff was a citizen of, and resided in, the City of Spring Branch, Comal County, Texas.

14. Defendant, Asset Acceptance, LLC, is a for profit Delaware corporation and, on information and belief, is registered to transact business in Texas.

15. A principal business location of AA is 350 Camino De La Reina San Diego, CA 92108-3007.

16. AA may be served with process via its registered agent Corporation Service Company d/b/a CSC-Lawyers Inc. at 211 E. 7th Street, Suite 620 Austin, Texas 78701.

## IV. VENUE AND JURISDICTION

17. Venue is appropriate in Comal County, Texas because all or a substantial part of the acts or omissions giving rise to the causes of action were committed in Comal County, Texas and the Plaintiff is located in Comal County, Texas. Accordingly, venue is proper pursuant to Texas Civil Practice and Remedies Code § 15.002.

18. This Court has jurisdiction of Plaintiff's claims as it is a court of competent jurisdiction per 15 U.S.C. § 1692k(d) and Plaintiffs' damages are within this Court's jurisdictional limits.

## V. FACTS

19. AA is a bulk purchaser of portfolios of defaulted consumer debt from banks and finance companies, as well as other debt buyers, for pennies on the dollar.

20. After purchasing defaulted consumer debts from third parties, AA undertakes to liquidate those debts by sending collection letters.

21. AA has massive portfolios consisting of thousands, if not millions of consumer debts.

22. Much of the debt in these portfolios is well beyond the statute of limitations.

23. While a consumer has no legal obligation to pay a delinquent debt that is beyond the statute of limitations, there remains, for some, a moral obligation to pay such a debt.

24. Statutes of limitations can be confusing and a consumer can be easily confused as to their obligation when they receive a collection letter on a "stale" debt.

25. For this reason, AA states in letters on expired debts:

*The law limits how long you can be sued on a debt and how long a debt can appear on your credit report. Due to the age of this debt, we will not sue you for it or report payment or non-payment of it to a credit bureau.*

26. The letter, received by Royall, attached as Exhibit A, with appropriate redactions, contains this language.[1]

27. AA purchased this alleged debt and all rights in it long ago.

28. This Providian debt is so old it does not appear on Royall's credit report.

29. The debt is so old that AA offers a 90% discount, in hopes of collecting something.

30. AA makes an enticing offer that expired on May 15, 2019.

31. This was before Tex. Fin. Code § 392.307 was enacted.[2]

---

[1] The letter is addressed to Sharon Paschal, this is Mrs. Royall's maiden name.
[2] Tex. Fin. Code § 392.307 (d) If an action to collect a consumer debt is barred under

32. A payment on this debt pursuant to this letter would have revived this alleged debt.

33. Yet, AA makes not warning that this could occur.

34. The letters offers a 90% reduction that is time bound.

35. This offer is artificial, AA owns the debt outright and is unable to sue for it.

36. AA can accept any amount it wants at any time it decides to.

37. Its statement that this offer will expire is an artifice. *See Goswami v. American Collections Enterprise*, 377 F.3d 488 (5th Cir. 2004)

38. AA states that it "will not" sue Royall for the debt, when in fact it can not sue her for it. AA conflates "will not" with "can not" to Royall's confusion.

39. AA uses the Letter as a deceptive and unfair collection ploy to trick consumers into calling it at which time the AA engages in deceptive and unfair conduct to scare unsophisticated consumers into entering into unfavorable payment agreements.

## VI.   CLASS ALLEGATIONS

40. Defendant's conduct is consistent with its policies and practices when attempting to collect debts from consumers. Consequently, this action is brought by Plaintiff, individually and on behalf of all other persons similarly situated, pursuant to Rule 42 of the Texas Rules of Civil Procedure.

41. ***Class Definition.*** The Class is defined as:

> All natural persons to whom Asset Acceptance, LLC. mailed
> a written communication in the form of *Exhibit A* to a Texas
> address during the Class Period.

42. The identities of Class members are readily ascertainable from the business

---

Subsection (c), the cause of action is not revived by a payment of the consumer debt, an oral or written reaffirmation of the consumer debt, or any other activity on the consumer debt.

.records of AA.

43. This action has been brought, and may properly be maintained, as a class action pursuant to the provisions of Rule 42 of the Texas Rules of Civil Procedure because there is a well-defined community interest in the litigation:

(a) *Numerosity.* On information and belief, the Class is so numerous that joinder of all members would be impractical and includes at least 40 members.

(b) *Common Questions Predominate.* Common questions of law and fact exist as to all members of the Class and those questions predominate over any questions or issues involving only individual class members because such questions and issues concern the same conduct by Defendant with respect to each Class member.

(c) *Typicality.* Plaintiff's claims are typical of the Class because those claims arise from a common course of conduct engaged in by Defendant.

(d) *Adequacy.* Plaintiff will fairly and adequately protect the interests of the Class members because she has no interests adverse to the interests of the Class members. Moreover, Plaintiff is committed to vigorously litigating this matter and has retained counsel experienced in handling consumer lawsuits, complex legal issues, and class actions. Neither Plaintiff nor her counsel have any interests which might cause them not to vigorously pursue the instant class action lawsuit.

44. Certification of a class under Rule 42(b)(3) of the Texas Rules of Civil Procedure is appropriate in that the questions of law and fact common to the Class members predominate over any questions affecting an individual member, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

45. Based on discovery and further investigation (including, but not limited to, disclosure by Defendant of class size and net worth), Plaintiff may, in addition to moving for

class certification using modified definitions of the Class and/or Class claims, and the Class period, seek class certification only as to particular issues as permitted under Tex. R. Civ. P. 42(d).

## VII. COUNT ONE: VIOLATION OF THE FDCPA

46. Plaintiff realleges and incorporates by reference the allegations in the preceding paragraphs of this Complaint.

47. Asset Acceptance, LLC is a "debt collector" within the meaning of 15 U.S.C. § 1692a(6).

48. The Debt is a "debt" within the meaning of 15 U.S.C. § 1692a(5).

49. Plaintiff is a "consumer" within the meaning of 15 U.S.C. § 1692a(3).

50. The Letter was a "communication" within the meaning of 15 U.S.C. § 1692a(2).

51. AA's use and mailing of the Letter violated the FDCPA in one or more of the following ways by using false, deceptive, and misleading representations or means in connection with the collection of any debt in violation of 15 U.S.C. §1692e including, but not limited to, §§ 1692e(2), 1692e(5), and 1692e(10); and

52. Plaintiff was deceived by the Letter and denied truthful and accurate information required by the FDCPA and suffered actual damages as a result of Defendant's conduct.

53. AA's conduct invaded the rights of Plaintiff that are protected by the FDCPA, the invasion and/or deprivation of which caused an injury-in-fact.

54. Based on a single violation of the FDCPA, Defendant is liable to Plaintiff for such relief allowed under 15 U.S.C. § 1692k.

## VIII. COUNT TWO: VIOLATION OF THE TDCA

55. Plaintiff realleges and incorporates by reference the allegations in the preceding paragraphs of this Complaint.

56. AA is engaged in the act and/or practice of "debt collection" as that term is defined by Tex. Fin. Code § 392.001(5).

57. AA is a "debt collector" within the meaning of Tex. Fin. Code § 392.001(5).

58. AA is a "third-party debt collector" as that term is defined by Tex. Fin. Code § 392.001(7).

59. The Debt is a "consumer debt" as defined by Tex. Fin. Code § 392.001(2).

60. Royall is a "consumer" within the meaning of Tex. Fin. Code § 392.001(1).

61. AA violated the TDCA including but not limited to:

   1. Tex. Fin. Code § 392.304(a)(8) by misrepresenting the character, extent, or amount of a consumer debt and whether a legal obligation exists for the consumer to pay it;

   2. Tex. Fin. Code § 392.304(a)(19) by using false, deceptive, and misleading representations and/or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

112. AA's illegal conduct invaded the rights of Plaintiff which are protected by the TDCA, the invasion of which caused injury-in-fact.

## IX.  PRAYER FOR RELIEF

114. WHEREFORE, Plaintiff respectfully requests the Court enter judgment in his favor and against Defendant. Specifically, Plaintiff requests an Order:

*A. With respect to Court One*:

   (a) Certifying that this action may be maintained as a class action pursuant to Tex. R. Civ. P. 42 including defining the Class, defining the class claims, and appointing Plaintiff's attorneys as class counsel;

   (b) Awarding such actual damages as may be proven to Plaintiff and to the

(c)      Awarding statutory damages to Plaintiff pursuant to 15 U.S.C. § 1692k(a)(2)(A) and § 1692k(a)(2)(B)(i);

(d)      Awarding of statutory damages for the Class pursuant to 15 U.S.C. § 1692k(a)(2)(B)(ii);

(e)      An incentive award for Plaintiff, in connection with his services to the Class in an amount to be determined by the Court after judgment is entered in favor of the Class;

(f)      Adjudging this action to be a successful action under 15 U.S.C. § 1692k(a)(2)(B)(3) and awarding reasonable attorneys' fees including litigation expenses;

(g)      Awarding costs of suit as allowed by law;

(h)      Awarding, to the extent the recovery of attorney's fees, litigation expenses, and costs pursuant to 15 U.S.C. § 1692k(a)(3) causes a negative tax consequence to Plaintiff and/or the Class, a sum sufficient to ameliorate such consequences; and,

(i)      For such other and further relief as may be just and proper.

**B. With respect to Count Two:**

(i)      Certifying that this action may be maintained as a class action pursuant to Tex. R. Civ. P. 42 including defining the class, defining the class claims, and appointing Plaintiff's attorneys as class counsel;

(ii)      Awarding injunctive relief to prevent or restrain further violations of Chapter 392 of the Texas Finance Code pursuant to Tex. Fin. Code § 392.403(a)(1);

   (iii)   Awarding such actual damages as may be proven by Plaintiff and by the members of the Class pursuant to Tex. Fin. Code § 392.403(a)(2);

   (iv)   An incentive award for Plaintiff, in connection with hisshe services to the Class in an amount to be determined by the Court after judgment is entered in favor of the Class;

   (v)   Adjudging Plaintiff to have successfully maintained an action under Tex. Fin. Code § 392.403(a), and awarding reasonable attorney's fees and costs pursuant to Tex. Fin. Code § 392.403(b);

   (vi)   Awarding costs of suit as allowed by law; and

   (vii)   Awarding, to the extent the recovery of attorney's fees, litigation expenses, and costs pursuant to 15 U.S.C. § 1692k(a)(3) causes a negative tax consequence to Plaintiff and/or the Class, a sum sufficient to ameliorate such consequences; and,

   (viii)   For such other and further relief as may be just and proper.

## X. JURY DEMAND

115. Demand is hereby made for trial by jury.

Respectfully submitted,

Dated: September 11, 2020

*s/ William M. Clanton*

William M. Clanton (TX Bar No. 24049436)
LAW OFFICE OF BILL CLANTON, P.C.
926 Chulie Drive
San Antonio, TX 78216
Telephone: (210) 226-0800
Facsimile: (210) 338-8660
E-Mail: bill@clantonlawoffice.com

*Attorney for Plaintiff, Sharon Royall*

PRIVATE PROCESS

Case Number: 2020CV04349

2020CV04349 S00001

SHARON ROYALL
VS.
ASSET ACCEPTANCE LLC
(Note:Attached Document May Contain Additional Litigants.)

IN THE COUNTY COURT
AT LAW NO. 3
BEXAR COUNTY, TEXAS

## CITATION

"THE STATE OF TEXAS"

Directed To: ASSET ACCEPTANCE LLC
RA: CORPORATION SERVICE COMPANY D/B/A CSC-LAWYERS INC
211 E. 7TH STREET, SUITE 620
AUSTIN, TX 78701

"You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you." Said petition was filed on the 11th day of September, 2020.

ISSUED UNDER MY HAND AND SEAL OF SAID COURT ON THIS 17TH DAY OF SEPTEMBER, A.D., 2020.

WILLIAM M CLANTON
ATTORNEY FOR PLAINTIFF
926 CHULIE DR
SAN ANTONIO, TX 78216-6522



LUCY ADAME-CLARK
County Clerk of Bexar County, Texas
Bexar County Courthouse
100 Dolorosa Suite 104
San Antonio, Texas 78205

By: *Enrique Caballero*, Deputy

---

SHARON ROYALL
VS
ASSET ACCEPTANCE LLC

**Officer's Return**

Case Number: 2020CV04349
Court: County Court at Law No. 3

I received this CITATION on the _____ day of _____, 20____ at _____ o'clock ____M. and:( ) executed it by delivering a copy of the CITATION on the date of delivery endorsed and to_____, in person on the _____ day of_____, 20_____ at _____ o'clock ____M. at:_____ or ( ) not executed because _____.

Fees:_____ Badge/PPS #:_____ Date certification expires:_____
_____County, Texas
By: _____

OR: VERIFICATION OF RETURN (If not served by a peace officer) SWORN TO THIS _____

_____
NOTARY PUBLIC, STATE OF TEXAS

OR: My name is _____, my date of birth is _____, and my address is _____, _____ County.

I declare under penalty of perjury that the foregoing is true and correct. Executed in _____ County, State of Texas, on the _____ day of_____, 20____.

_____
Declarant

ORIGINAL (DKC001)

PRIVATE PROCESS

Case Number: 2020CV04349

2020CV04349 S00001

SHARON ROYALL
**VS.**
ASSET ACCEPTANCE LLC
(Note:Attached Document May Contain Additional Litigants.)

IN THE COUNTY COURT
AT LAW NO. 3
BEXAR COUNTY, TEXAS

## CITATION

"THE STATE OF TEXAS"

Directed To: ASSET ACCEPTANCE LLC
RA: CORPORATION SERVICE COMPANY D/B/A CSC-LAWYERS INC
211 E. 7TH STREET, SUITE 620
AUSTIN, TX 78701

DELIVERED
9/18/2020
By: Scott??S
Austin Process, LLC

"You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you." Said petition was filed on the 11th day of September, 2020.

ISSUED UNDER MY HAND AND SEAL OF SAID COURT ON THIS 17TH DAY OF SEPTEMBER, A.D., 2020.

WILLIAM M CLANTON
ATTORNEY FOR PLAINTIFF
926 CHULIE DR
SAN ANTONIO, TX 78216-6522



LUCY ADAME-CLARK
County Clerk of Bexar County, Texas
Bexar County Courthouse
100 Dolorosa Suite 104
San Antonio, Texas 78205
By: *Enrique Caballero*, Deputy

---

SHARON ROYALL
VS
ASSET ACCEPTANCE LLC

**Officer's Return**

Case Number: 2020CV04349
Court: County Court at Law No. 3

I received this CITATION on the_____ day of_____, 20_____ at _____o'clock ___M. and:( ) executed it by delivering a copy of the CITATION on the date of delivery endorsed and to_____, in person on the _____ day of_____, 20_____ at _____ o'clock ___M. at:_____ or ( ) not executed because _____.

Fees:_____ Badge/PPS #:_____ Date certification expires:_____
_____County, Texas
By:_____

OR: VERIFICATION OF RETURN (If not served by a peace officer) SWORN TO THIS _____

_____
NOTARY PUBLIC, STATE OF TEXAS

OR: My name is _____, my date of birth is _____, and my address is _____, _____ County.

I declare under penalty of perjury that the foregoing is true and correct. Executed in _____ County, State of Texas, on the _____ day of_____, 20_____.

_____
Declarant

RETURN TO COURT(DKC001)